UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN P., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   No. 1:23-cv-00183-JDL |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant | ) |

### REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal asserts that the Administrative Law Judge (ALJ) erred by mischaracterizing his past work and failing to assess any mental limitations. *See* Plaintiff's Brief (ECF No. 9) at 7-16. I find no reversible error and recommend that the Court affirm the Commissioner's decision.

### I. Background

The ALJ found, in relevant part, that the Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that he could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs and could not climb ladders, ropes, or scaffolds or work at unprotected heights, *see* Record at 22, was capable of performing past relevant work as a "wholesaler I" and a "liquor establishment manager," neither of which required the performance of work-related activities precluded by his RFC, *see id.* at 33, and therefore had not been disabled from February 4, 2020, his alleged onset date of

disability, through June 27, 2022, the date of the decision, *see id*. at 13, 33-34. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see* Record at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

### A. Finding of Capability to Perform Past Relevant Work

The Plaintiff, who had prior work as the owner and operator of a restaurant and bar and a seafood company, *see* Record at 46, 374, 376-77, was represented by Attorney Walter Morse at a telephone hearing on March 3, 2022, that was continued to June 1, 2022, because of technical difficulties, *see id*. at 42, 57, 79-80. The Plaintiff

testified that in his restaurant and bar job he supervised people, tended bar, performed maintenance, and lifted and carried eighty to 100 pounds, and his wife handled bookkeeping and paperwork. *See id*. at 46, 48. At the seafood company, he oversaw the production and shipping of seafood pies and lifted and carried fifty pounds. *See id*. at 46-48.

Vocational expert (VE) Ellen Levine characterized the restaurant and bar job as a liquor establishment manager, *Dictionary of Occupational Titles* (*DOT*) § 187.167-126, a light job that the Plaintiff performed at the medium level, and the seafood job as a wholesaler I, *DOT* § 185.167-070, a sedentary job that the Plaintiff performed at the medium level. *See id*. at 52; U.S. Dep't of Lab., *DOT* §§ 187.167-126, 1991 WL 671393, 185.167-070, 1991 WL 671305 (4th ed., rev. 1991). She testified that a hypothetical individual with the RFC the ALJ ultimately adopted would be able to perform both jobs as generally performed but not as the Plaintiff actually performed them. *See* Record at 22, 52-53.

Attorney Morse asked VE Levine whether a "wholesaler I" was "really the best description" of the seafood job given that the *DOT* listed tasks the Plaintiff did not perform. *Id*. at 54. VE Levine said that she believed it was, explaining that the Plaintiff "didn't describe everything that he did in that job, but in order to do what he did describe I believe that these tasks would be part of . . . owning and managing this type of a company." *Id*. Attorney Morse asked no further questions about VE Levine's characterization of either job. *See id*. at 54-55. The ALJ relied on the testimony of VE Levine in finding that the Plaintiff was capable of performing his

3

past relevant work as a wholesaler I and as a liquor establishment manager as both are generally performed and, therefore, was not disabled. *See id*. at 33.

The Plaintiff initially challenged that finding primarily on the basis that there was no evidence that he performed light jobs. *See* Plaintiff's Brief at 9-14. However, a claimant is not disabled if he retains the RFC to perform his past relevant work "either as the claimant actually performed it *or as generally performed in the national economy*." 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2) (emphasis added). As the Commissioner pointed out, *see* Commissioner's Brief (ECF No. 11) at 7-8, the ALJ found the Plaintiff capable of performing the cited jobs as generally performed, not as he actually performed them, rendering the manner in which he performed them irrelevant. *See, e.g.*, *Ford v. Kijakazi*, No. 4:20-cv-02120, 2022 WL 617187, at *6 (M.D. Pa. Mar. 2, 2022) (observing that because an ALJ relied on VE testimony "in concluding that [a claimant] could perform his past relevant work as generally performed," it was "irrelevant in this case whether [the claimant] can handle the demands of his past relevant work as actually performed").

The Plaintiff then shifted gears, contending in his reply brief and at oral argument that both the restaurant and bar and the seafood jobs should have been categorized as a single "composite" job, *see* Plaintiff's Reply (ECF No. 12) at 1-5—that is, a job that has "significant elements of two or more occupations and, as such, ha[s] no counterpart in the DOT," *Darrell C. v. Saul*, No. 1:18-cv-338-DBH, 2020 WL 564818, at *2 (D. Me. Feb. 5, 2020) (cleaned up). As the Plaintiff noted, *see* Plaintiff's Reply at 2, a claimant can be found capable of performing a composite job

*"only if he or she can perform all parts of the job." Darrell C.*, 2020 WL 564818, at *2 (cleaned up).

This argument, too, is unavailing because VE Levine did not characterize any of the Plaintiff's past work as a composite job, and the Plaintiff's counsel did not explore that issue with her at the hearing. *See* Record at 54-55; *Julianne P. v. Kijakazi,* No. 2:22-cv-00064-JDL, 2022 WL 17494867, at *2 (D. Me. Dec. 8, 2022) (rec. dec.) ("The [claimant]—who was represented by counsel at the administrative hearing—had the burden to prove at Step 4 that she was unable to perform her past relevant work and an obligation to develop the record regarding the requirements of that work at the hearing." (cleaned up)), *aff'd*, 2023 WL 1785542 (D. Me. Feb. 6, 2023); *Cody P. v. Kijakazi*, No. 2:22-cv-00045-JAW, 2022 WL 17369385, at *2 (D. Me. Dec. 2, 2022) (rec. dec.) ("[W]hen a claimant is represented by counsel at the administrative hearing there is an expectation that counsel will explore vocational issues with the VE at the hearing rather than raise them in after-the-fact challenges." (cleaned up)), *aff'd*, 2022 WL 17975538 (D. Me. Dec. 28, 2022).

Moreover, although the ALJ did not rely on the testimony of Tricia Muth, the VE present at the March 3, 2022, hearing, *see* Record at 33, 57, Muth characterized only one of the Plaintiff's two jobs—the seafood job—as a composite job, *see id*. at 76. She characterized his restaurant and bar job as a food service manager, *DOT* § 187.167-106, and testified that a hypothetical individual with the RFC the ALJ ultimately adopted would be able to perform that job as it is generally performed. *See id*. at 22, 76-77.

5

The Plaintiff, accordingly, fails to demonstrate any reversible error in the ALJ's finding that he retained the ability to perform past relevant work.

### B. Failure to Assess Mental Limitations

The Plaintiff next asserts that the ALJ erred in finding that he had mild limitations in the so-called "Paragraph B criteria" of the Commissioner's Psychiatric Review Technique but assessing no mental limitations in determining his RFC. *See* Plaintiff's Brief at 14-16; Plaintiff's Reply at 6. He asserts that "[t]he evidence of record supports limitations due to depression and anxiety," including an inability to handle stress as the result of a stroke. Plaintiff's Brief at 15. For two reasons, he falls short of demonstrating entitlement to remand on this basis.

First, a finding of mild limitations in the Paragraph B criteria is consistent with a conclusion that a claimant has no mental functional limitations. *See* 20 C.F.R. §§ 404.1520a(d)(1), (3), 416.920a(d)(1), (3) ("If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities"; "If we find that you have a severe mental impairment(s) that neither meets nor is equivalent in severity to any listing, we will then assess your residual functional capacity.").

Second, while the Plaintiff points to evidence that he asserts supports a finding of mental functional limitations, he fails to engage with contrary evidence on which the ALJ relied, including the findings of agency nonexamining consultants Brian Stahl, Ph.D., and Leigh Haskell, Ph.D. *See* Record at 19-20, 99-100, 118. He

6

therefore extends an unavailing invitation to the Court to reweigh the evidence. *See Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The [Commissioner] may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts."); *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec.) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand."), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019).

### IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: March 15, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge